IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY L. JOHNSON,

        Petitioner,                      No. CIV S-08-0496 MCE KJM P

   vs.

D.K. SISTO, et al.,

        Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

        Petitioner has filed a motion for "an intrinsic review of the state court's fact-finding process" and for an evidentiary hearing. Although the meaning of the first part of petitioner's request is not entirely clear, it appears that he is challenging the state court's factual

1

findings in his case.  Under the AEDPA, this court may determine whether the state courts' adjudication of the claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  This review will be undertaken with the court's ultimate resolution of the action.

Petitioner's request for an evidentiary hearing is premature, for this court cannot yet determine whether petitioner has satisfied the procedural prerequisite 28 U.S.C. § 2254(e)(2); Williams v. Taylor, 529 U.S. 420, 432 (2000).

Finally, petitioner has filed a motion for discovery.  This motion is premature because the respondent has not lodged the record, which may contain some of the material petitioner seeks.  It will be denied.

Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's application.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents are directed to file a response to petitioner's application within sixty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  See Rule 5, Fed. R. Governing § 2254 Cases;

2. Petitioner's reply, if any, shall be filed and served within thirty days of service of an answer;

3. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within thirty days of service of the motion, and respondents' reply, if any, shall be filed within fifteen days thereafter;

/////

/////

4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General;

5. Petitioner's request for the appointment of counsel (docket no. 1) is denied;

6. Petitioner's request for an evidentiary hearing (docket no. 2) is denied without prejudice; and

7. Petitioner's motion for discovery or expansion of the record (docket no. 3) is denied without prejudice.

DATED: May 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2/mp
john0496.100feekjm

3