UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON,<br><br>　　　　　Petitioner - Appellant,<br><br>　　v.<br><br>VIRNAL SINGH, et al,<br><br>　　　　　Defendant. | No.  2:08-cv-00496-MCE-CKD<br>Ninth Circuit Case No. 10-16202<br><br>**ORDER RE: PETITIONER'S MOTION FOR THE DISTRICT COURT TO ENTERTAIN LIMITED REMAND** |

Petitioner, Oshay Johnson, moved for this Court to entertain limited remand from the appellate court "to fully consider all the facts considered by the jury along with the evidence [Petitioner] submitted in his 28 U.S.C. § 2254 petition." (ECF No. 52 at 1.) Petitioner additionally argues that this Court should entertain limited remand because, while the appeal has been pending, the Ninth Circuit decided Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2001), which this Court had not taken into consideration on the issue of the applicability of an "equitable exception" to Petitioner's actual innocence claim. (ECF No. 52 at 2.)

///
///
///
///

1

"[T]he filing of a notice of appeal generally divests the trial court of jurisdiction". In re Silberkraus, 336 F.3d 864, 869 (9th Cir. 2003). However, pursuant to Federal Rule of Civil Procedure 62.1, upon a timely motion for relief that is barred by a pending appeal, the district court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. If the district court issues an "indicative ruling" stating that it would grant the motion or that the motion raises a substantial issue, a movant must notify the circuit clerk and the court of appeals may remand for further proceedings. Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1; Advisory Committee Notes to Fed. R. Civ. P. 62.1(b). However, a district court may issue such an "indicative ruling" under Rule 62.1 only in response to a party's "timely motion" asking the court to reconsider an order that the court cannot reconsider because of the pending appeal (usually a Rule 60(b) motion to vacate a judgment pending on appeal). Fed. R Civ. P. 62.1(b); Advisory Committee Notes to Fed. R. Civ. P. 62.1(b).

Petitioner in this case has not filed any "timely motion" for relief. In essence, Petitioner asks this Court to "[re]consider [Petitioner's] actual innocence claims prior to submitting the opening brief to the Ninth Circuit panel" because, in Petitioner's opinion, the Court failed to fully consider the relevant facts and relevant law when it issued its judgment in this matter. [See ECF No. 52 at 1-2.] Petitioner's motion, if proper at all, falls within either Rule 60(b)(1),(2) (motion for relief from final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect, or newly discovered evidence), or Rule 59(a) (motion for new trial). However, a motion under Rule 60(b)(1) or (2) must be made no more than a year after the entry of the judgment or order, Fed. R. Civ. P. 60(c), and a motion under Rule 59(a) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Petitioner filed the present motion to entertain limited remand on July 30, 2012 - more than two years after the Court's April 29, 2010, judgment in this matter. Thus, regardless of the procedural nature of Petitioner's underlying motion, the motion is not "timely."

1 | Therefore, the Court DENIES Petitioner's motion to entertain limited remand.

2 | IT IS SO ORDERED.

3 | Dated: September 17, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE